THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Marcus McKenzie, Appellant.
 
 
 

Appeal From Aiken County
Ralph F. Cothran, Circuit Court Judge

Unpublished Opinion No. 2009-UP-266
Submitted May 1, 2009  Filed June 2, 2009    

AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor Barbara R. Morgan,
 of Aiken, for Respondent.  
 
 
 

PER CURIAM: Marcus
 McKenzie was convicted of indecent exposure, sentenced to three years'
 imprisonment, and required to register as a sex offender.  McKenzie appeals his
 conviction and sentence, arguing the trial court erred in admitting evidence of
 a prior similar incident.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 404(b),
 SCRE (holding evidence of other crimes, wrongs, or acts generally inadmissible
 to prove the defendant's guilt for the crime charged, but recognizing an
 exception to this rule where such evidence shows "motive, identity, the
 existence of a common scheme or plan, the absence of mistake or accident, or
 intent"); State v. Pagan, 369 S.C. 201, 208, 211, 631 S.E.2d
 262, 265, 267 (2006) (placing the admission of evidence within the
 discretion of the trial court and indicating an abuse of discretion occurs when
 the conclusions of the trial court either lack evidentiary support or are
 controlled by an error of law; predicating admissibility of a prior bad act
 upon its logical relation to the crime with which the defendant is charged;
 establishing judicial procedure for evaluating admissibility of evidence of
 prior bad acts under Rule 404(b), SCRE, and State v. Lyle, 125 S.C. 406,
 416, 118 S.E. 803, 807 (1923); and holding prior bad act
 evidence that otherwise qualifies for admission under an exception to the
 general rule must be excluded if its probative value is substantially
 outweighed by the danger of unfair prejudice to the defendant); State v.
 Cheeseboro, 346 S.C. 526, 546, 552 S.E.2d 300, 311 (2001) ("A close
 degree of similarity or connection between the prior bad act and the crime for
 which the defendant is on trial is required to support admissibility under the
 common scheme or plan exception."); State v. Tutton, 354 S.C. 319,
 326, 580 S.E.2d 186, 190 (Ct. App. 2003) (applying abuse-of-discretion standard
 of review specifically to admission of prior bad act evidence).
AFFIRMED.
SHORT, WILLIAMS,
and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.